UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| AGC, INC., | : | Case No. 13-_____ |
| | : | |
| Debtor. | : | |
| | : | |

MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES

AGC, Inc. ("AGC"), the debtor and debtor-in-possession hereby moves entry of an order directing the joint administration of this case with the bankruptcy case of Rajon Realty Corporation pursuant to Fed. R. Bankr. P. 1015(b).  In support of its Motion, the AGC relies on the Declaration of R. Bruce Andrews filed contemporaneously herewith, and further states as follows:

1.	On April 16, 2013, (the "Petition Date"), AGC filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code, Section 101 et. seq. (the "Bankruptcy Code").  On the Petition Date, Rajon Realty Corporation ("Rajon" and together with AGC, the "Debtors") also filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.  In accordance with Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are authorized to continue in possession of their properties and operate and manage their businesses as Debtors-in-Possession.

2.	AGC is a sixty-one year old manufacturing company located in Meriden, Connecticut.  AGC is a manufacturer of engine components and assemblies for commercial and military aviation, with a specialty in the area of non-metallic components

and the bonding of these components to metal parts.  AGC sells its products to original equipment manufacturers and suppliers.

3. Rajon owns the real property and building located at 106 Evansville Avenue, Meriden, Connecticut (the "Meriden Property"), at which AGC operates its business.  AGC and Rajon are parties to a lease by which Rajon leases the Meriden Property to AGC.

4. RCS I, LP is the sole shareholder of both Rajon and AGC.  Further, Rajon and AGC have some common creditors.

5. Fed. R. Bankr. P. 1015(b)(4) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order joint administration of the estates."

6. Because of the relationship of the Debtors, joint administration of these cases will avoid the time and expense of duplicate motions and applications, entering duplicate orders and sending of duplicate notices to creditors.  The rights of respective creditors of the Debtors will not be adversely affected by joint administration of these cases since each creditor may still file its claim against the particular estate which allegedly owes it money.  In fact, the rights of all creditors will be enhanced by the reduction in cost resulting from joint administration.  The Court will also be relieved of the burden of making duplicate orders and keeping duplicate files.  Finally, supervision of the administrative aspects of the Chapter 11 cases by the Office of the United States Trustee will be simplified.

2730389v1

7. Accordingly, AGC respectfully requests that both Chapter 11 cases be administered together and that the caption of the cases be modified to reflect the joint administration of the Chapter 11 cases as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AGC, INC. and RAJON REALTY | : | CHAPTER 11 |
| CORPORATION, | : | CASE NO. 13-_____(___) and |
| | : | CASE NO. 13-_____(___) |
| | : | |
| Debtors | : | JOINTLY ADMINISTERED |

8. AGC also seeks the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of the cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of AGC, Inc. and Rajon Realty Corporation and the docket and case number 13-_____ (___) should be consulted for all matters affecting this case.

9. Finally, AGC seeks authority to file monthly operating reports required by the United States Trustee operating guidelines on a consolidated basis if both Debtors determine, after consultation with the United States Trustee, that such consolidated reports would further administrative economy and efficiency, without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

2730389v1

10. No examiner, trustee or creditors committee has been appointed in any of the above-captioned cases.

11. No previous request for the relief sought herein has been made to this or any Court.

WHEREFORE, AGC respectfully requests that the Court enter the attached Order providing for the joint administration of the respective bankruptcy estates of the Debtors pursuant to Fed. R. Bankr. P. 1015(b) and grant such other and further relief as this Court deems just and proper.

Dated at Hartford, Connecticut, this 16th day of April, 2013.

By: /s/Kathleen M. LaManna
Kathleen M. LaManna (ct 16740)
Eric S. Goldstein (ct 27195)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Tel. (860) 251-5000
Fax: (860) 251-5218
klamanna@goodwin.com
egoldstein@goodwin.com

*Proposed Counsel for AGC, Inc.*

2730389v1