**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
|    AGC, INC. and | : | Case No. 13-30681 |
|    RAJON REALTY CORPORATION, | : | Case No. 13-30682 |
| | : | |
|    Debtors. | : | JOINTLY ADMINISTERED |
| | : | Re: Doc. Id. No. 14 |

**ORDER (I) APPROVING AUCTION PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS PURSUANT TO 11 U.S.C. §§ 105 AND 363; (II) SCHEDULING DATE, TIME AND PLACE FOR SALE HEARING; (III) APPROVING BREAK-UP FEE; (IV) APPROVING FORM AND MANNER OF NOTICE; AND (V) DISPENSING WITH APPRAISAL REQUIREMENTS**

Upon consideration of the motions filed on April 15, 2013 (collectively, the "Motion") by AGC, Inc. ("AGC") and Rajon Realty Corporation ("Rajon" and together with AGC, the "Debtors"), seeking (1) after a hearing, entry of an order (a) scheduling a hearing (the "Sale Hearing") on the Debtors' motion for entry of an order (the "Sale Order") approving and authorizing the sale of substantially all of the Debtors' assets (the "Assets"), free and clear of all liens, claims and encumbrances to Harlow Aerostructures LLC and/or one ore more of its affiliates or subsidiaries (the "Stalking Horse Buyer") on the terms and conditions set forth in Asset Purchase Agreement (the "APA") between the Debtors, as sellers, and the Stalking Horse Buyer, as buyer, or to such other person as makes the highest and best offer to purchase the Assets (the "Winning Bid"); (b) approving auction procedures for the sale; (c) approving a proposed break-up fee for the Stalking Horse Buyer equal to 4% of the purchase price of the Winning Bid; (d) fixing proposed service requirements and approving form of notice of the auction and sale hearing (the "Sale Notice"); (2) after a hearing, entry of the Sale Order; and (3) such other and further relief as this Court deems appropriate; and a hearing regarding the Motion having been held on April 18, 2013 (the "Sale Procedures Hearing"); and based upon all of

the evidence proffered or adduced at the Sale Procedures Hearing; and after consideration of any memoranda, objections, or other pleadings filed in connection with the Sale Procedures Hearing; and after consideration of the arguments of counsel made at the Sale Procedures Hearing; and upon the entire record of these cases; and it appearing that the approval of the Auction Procedures requested in the Motion (as defined and set forth in detail below) is in the best interests of the Debtors and their estates and creditors thereof, and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    The notice provided regarding the Motion and the Sale Procedures Hearing constitutes sufficient, proper and adequate notice and service of the Debtors' proposed notices, as set forth herein, shall constitute sufficient, proper and adequate notice of the Sale Hearing. No other or further notice in connection with the entry of this Order or the Sale Order is or shall be required.

B.    The Debtors' proposed notices, attached to the Motion as Exhibits A and B, of (i) the proposed sale of the Assets, (ii) the potential assumption and assignment of the Leases and Contracts,[1] and the procedure for fixing of any Cure Amounts payable in respect thereof, (iii) the APA and the terms contained therein, and (iv) the Auction Procedures set forth in Exhibit C attached to the motion, appears appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed sale of the Assets, the Auction, the potential assumption and assignment of the Leases and Contracts, the APA, and the Auction Procedures to be employed in connection therewith.

---
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

2

  C. It appears that the Auction Procedures set forth in <u>Exhibit C</u> were prepared and negotiated by the Debtors and the Stalking Horse Buyer in good faith and are reasonable and appropriate.

  D. It appears that the Auction Procedures are reasonably calculated to produce the highest or best offers for the Assets, and will confer actual benefits upon the Debtors' estates. It appears that the Auction Procedures represent an exercise of the Debtors' sound business judgment and will facilitate an orderly sale process.

  E. It has been represented that the Stalking Horse Buyer has expended, and likely will continue to expend, considerable time, money and energy pursuing the proposed sale and has engaged in an extended arm's-length and good faith negotiations. The APA is the culmination of these efforts.

  F. Recognizing this expenditure of time, energy and resources, the Debtors have agreed to pay the Break-Up Fee to the Stalking Horse Buyer on the terms and conditions set forth in the APA.

  G. The Break-Up Fee is (1) a material inducement for, and a condition of, the Stalking Horse Buyer's entry into the APA, and (2) has been represented as fair and reasonable under the circumstances.

  H. It appears that the Debtors have demonstrated a sound business justification for authorizing the payment of the Break-Up Fee to the Stalking Horse Buyer under the circumstances set forth in the APA.

  I. It appears that the entry of this Order is in the best interests of the Debtors, their estates, and creditors and other parties-in-interest; and it is therefore;

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent set forth in this Order. The Auction Procedures set forth in Exhibit C to the Motion and the Break-Up Fee as described in the APA (collectively, the "Sale Procedures") are hereby approved and shall be used in connection with the proposed sale of the Assets.

2. To the extent necessary, the Auction for the Assets will commence on May 13, 2013, at 10:00 am. The location of the Auction will be at the offices of Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103.

3. Not later than April 20, 2013, the Debtors will cause the Sale Notice, similar to the form attached to the Motion as Exhibit A, to be sent by first-class mail postage prepaid to all of the following: Debtors' creditors and interest holders; all entities known to the Debtors to have expressed a *bona fide* interest in acquiring the Assets; all taxing authorities which have a reasonably known interest in the relief requested; the Office of the United States Trustee; all federal, state and local regulatory authorities with jurisdiction over the Debtors; the office of the United States Attorney for the District of Connecticut; all non-debtor parties to the Leases and Contracts; all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; the Beneficiaries; and other known parties-in-interest and any other parties entitled to receive notice in these cases.

4. Not later than five (5) business days after entry of this Order, the Debtors shall cause an abbreviated form of the Sale Notice to be published once pursuant to Bankruptcy Rule 2002(1) in the Hartford Courant as to be determined by the Debtors.

Such publication notice shall be sufficient and proper notice to any other interested parties, including those whose identities are unknown to the Debtors.

5. In addition, to facilitate the sale, as well as the assumption and assignment of those Leases and Contracts to be assumed by the Debtors and assigned to the Stalking Horse Buyer or other maker of the Winning Bid at closing, the Debtors will serve the Cure Amount Notice, similar to the form attached hereto as Exhibit B, not later than April 22, 2013, upon each counterparty to a Lease or Contract that may be assumed and assigned.

6. The Debtors will attach to the Cure Amount Notice its calculation of the cure amounts that the Debtors believe must be paid to cure all defaults under all Leases and Contracts (the "Cure Amounts"). Unless the non-debtor party to a Lease or Contract files and serves an objection to its scheduled Cure Amount by the Objection Deadline set forth below, and in the manner set forth below, such non-debtor party shall (i) be forever barred from objecting to the Cure Amount and from asserting that any additional cure or other amounts are owed as of the date of assignment with respect to such Lease or Contract, and the Debtors and Stalking Horse Buyer or maker of the Winning Bid shall be entitled to rely solely upon the Cure Amount; and (ii) be forever barred and estopped from asserting or claiming against the Debtors and the Stalking Horse Buyer or the maker of the Winning Bid that any additional amounts are as of the date of assignment due or defaults exits under such Lease or Contract or any other claims with respect to such Lease or Contract.

7. An objection to a Cure Amount must (i) set forth the basis for the objection, (ii) with specificity, state the nature of any alleged monetary default (including the date and amount of payment allegedly due), and Cure Amounts, if any, due and owing by the

5

Debtors, (iii) with specificity, state the nature of any alleged non-monetary default and the type of action or amount required to cure such non-monetary default, (iv) with specificity, set forth any and all claims of any nature whatsoever possessed against the Debtors under the Lease or Contract by the non-debtor party to the Lease or Contract, and (v) provide appropriate documentation in support of the asserted Cure Amount.

8.  Hearings on Cure Amount objections may be held (a) at the Sale Hearing, or (b) such later date and time as the Court may schedule and announce in open Court, provided that if the subject Lease or Contract is assumed and assigned, the cure amount asserted by the objecting party (or such lower amount as may be fixed by this Court) shall be deposited and held in a segregated account by the party obligated to satisfy the cure amount pending further order of this Court or mutual agreement of the parties.

9.  The Sale Hearing will be conducted on May 20, 2013, at 10:00 a.m., before the United States Bankruptcy Court for the District of Connecticut, 157 Church Street, New Haven, Connecticut 06510, at which time the Debtors will present for approval by this Court the Winning Bid pursuant to the provisions of sections 105, 363(b), 363(f), 363(m) and 365 of the Bankruptcy Code and seek entry of the Sale Order in substantially the form annexed to the Sale Motion, providing, *inter alia*, for the sale of the Assets free and clear of all liens, claims and encumbrances. The Debtors shall be deemed to have accepted a bid only after the bid for the Assets has been approved by the Court at the Sale Hearing and the Debtors have executed the applicable asset purchase agreement.

10. Objections (if any) to the approval of any Winning Bid, the sale of the Assets, or any proposed assumption and assignment of the Leases and the Contracts, including Cure Amounts with respect thereto, must be: (a) made in writing; (b) filed with

the Court by no later than May 15, 2013 at 4:00 p.m. (the "Objection Deadline"); and (c) be served so as to be received on or before the Objection Deadline by each of:

(a) the Debtors: AGC, Inc. and Rajon Realty Corporation, 106 Evansville Ave., Meriden, CT 06451, Attention: R. Bruce Andrews;

(b) Counsel for the Debtors: Kathleen M. LaManna, Esq. and Eric S. Goldstein, Esq., Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103; and,

(c) Counsel for the Stalking Horse Buyer: Thomas A. Gugliotti, Esq., Updike, Kelly & Spellacy, P.C., 100 Pearl Street, 17th Floor, Hartford, CT 06103;

(d) Counsel for TD Bank, N.A.: Ross Fingold, Esq., Shipman, Sosensky & Marks, LLC, 20 Batterson Park Road, Suite 120, Farmington, CT 06032;

(e) United States Trustee, 150 Court Street, Room 302, New Haven, CT 06510; and

(f) any official committee appointed in the Debtors' Bankruptcy Cases.

Any party filing such an objection must attend the Sale Hearing and advocate its objection at such hearing. Any objection not filed, served, and advocated in accordance with this paragraph may be deemed waived and may be forever barred.

11. The Auction Procedures annexed to the Motion as Exhibit C, the Break-Up Fee on the terms set forth the APA, and the Sale Notice and Cure Amount Notice to be issued in connection with the proposed sale of the Assets, substantially in the form annexed hereto as Exhibits A and B, are approved in all respects.

12. The appraisal requirements contained in D. Conn. LBR 6004-1 are hereby waived.

13. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

14. As provided by Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Sale Procedures.

APR 1 8 2013

Joel B. Rosenthal
United States Bankruptcy Judge